IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS D. ENCARNACION-RIVERA [11],<br><br>Defendant. | CRIMINAL NO. 11-345 (DRD) |

**REPORT AND RECOMMENDATION**

Defendant Luis D. Encarnación-Rivera was charged in Counts One through Six of an Indictment and he agreed to plead guilty to Count One of the Indictment. Count One charges that, beginning on a date unknown, but not later than in or about 2008, an continuing up to and until the return of the instant indictment in the Municipality of Ceiba, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, the defendant herein, did knowingly and intentionally combine, conspire and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is: to possess with intent to distribute one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance; two-hundred and eighty (280) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II Narcotic Drug Controlled Substance; five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance; a measurable amount of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of

Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance, all within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, that is, the Jardines de Ceiba Public Housing Project and other areas within the Municipality of Ceiba, Puerto Rico.  All in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 860.

On April 16, 2013, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court.  Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1]  Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel, Anita Hill-Adames, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. Luis D. Encarnación-Rivera [11]
Criminal No. 11-345 (DRD)
Report and Recommendation
Page 3

before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Hill-Adames, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count One is term of imprisonment of not less than ten (10) years and up to two terms of life, a fine not to exceed ten million dollars ($10,000,000.00), and a term of supervised release of at least ten (10) years in addition to any term of incarceration, pursuant to Title 21, United States Code, Section 841(b)(1)(A), 846, and 860.

However, based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, less than fifty (50) kilograms of marihuana, the defendant faces a maximum term of imprisonment of ten (10) years, a fine not to exceed five hundred thousand dollars ($500,000.00) and a term of supervised release of at least four (4) years in addition to any term of incarceration, all pursuant to Title 21, United States Code, Section 841(b)(1)(D), 846, and 860.

The Court must also impose a mandatory penalty assessment of one hundred dollars ($100.00), per count, to be deposited in the Crime Victim Fund.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement (Pursuant to Rule 11(c)(1)(A) & (C) FRCP)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized she explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

United States of America v. Luis D. Encarnación-Rivera [11]
Criminal No. 11-345 (DRD)
Report and Recommendation
Page 5

     Pursuant to paragraph number Seven of the Agreement, the undersigned apprised defendant of the Rule 11(c)(1)(C) Warnings. To this effect, defendant [11] Luis D. Encarnación-Rivera, understands that the parties have agreed that a term of imprisonment within the range of 97 to 120 months is the appropriate disposition of this case. The defendant understands that if the Court accepts this Plea Agreement, it will sentence the defendant to a term of imprisonment within the agreed upon range of 97 to 120 months. However, the defendant understands that the Court may reject this Plea Agreement. Fed.R.Crim.Pro. 11(c)(5)(B). But the defendant understands that if the Court rejects the Plea Agreement, and he does not withdraw his plea, then the Court may dispose of the case less favorably toward him than this Plea Agreement contemplated. Fed.R.Crim.Pro. 11(c)(5)(C). The defendant also understands that should the Court envision sentencing the defendant to a term of imprisonment lower then the above mentioned term (97 months), the United States has a right to withdraw from the plea agreement entirely. United States v. Moure-Ortíz, 184 F.3d 1 (1st Cir. 1999).

     The above-captioned parties' estimate and agreement that appears on pages four and five, paragraph seven of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained as to Count One. The Agreement contains two (2) different scenarios depending on whether defendant is considered a career offender or not.

     Table A, assuming defendant is a career offender as to Count One, the Base Offense Level is of Twenty-Four (24), pursuant to U.S.S.G. § 4B1.1(b)(E), (less than fifty (50) kilograms of marihuana). Pursuant to U.S.S.G. § 3E1.1, a three (3) level decrease is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-One (21).

Table B, assuming defendant is not a career offender as to Count One, the Base Offense Level is of Twenty (20), pursuant to U.S.S.G. § 2D1.1(c)(10), at least forty but less than fifty (50) kilograms of marihuana. Pursuant to U.S.S.G. § 2D1.2(a)(1), a two (2) level increase is agreed for protected location. Pursuant to U.S.S.G. § 2D1.1(b), a two (2) level increase is agreed for forseeablility of firearms. Pursuant to U.S.S.G. § 3E1.1, a three (3) level decrease is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-One (21), yielding an imprisonment range of thirty (30) to thirty-seven (37) months if the Criminal History Category is I; thirty-three (33) to forty-one (41) months if the Criminal History Category is II; thirty-seven (37) to forty-six (46) months if the Criminal History Category is III; forty-six (46) to fifty-seven (57) months if the Criminal History Category is IV; fifty-seven (57) to seventy-one (71) months if the Criminal History Category is V; and sixty-three (63) to seventy-eight (78) months if the Criminal History Category is VI.

The parties agree that defendant will recommend to the Court to be sentenced to serve a term of imprisonment of ninety-seven (97) months and the United States will recommend a sentence of imprisonment of one hundred and twenty (120) months irrespective of defendant's Criminal History Category or Career Offender Status. The parties agree that any recommendation for a term o0f imprisonment of less than ninety-seven (97) months would constitute a breach of the plea agreement.

The United States and the defendant agree that no further adjustment or departures to the defendant's offense level shall be sought by the parties.

There parties do not stipulate any assessment as to the defendant's Criminal History Category.

At sentencing, the United States shall request the dismissal of the remaining counts of the Indictment, pursuant to Rule 11(C)(1)(A) of the Federal Rules of Criminal Procedure.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Statement of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was able to understand the explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole.

United States of America v. Luis D. Encarnación-Rivera [11]
Criminal No. 11-345 (DRD)
Report and Recommendation
Page 8

Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph nine (9) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One, and was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 11-345 (DRD).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 11-345 (DRD).

**IT IS SO RECOMMENDED.**

The sentencing hearing is set for August 16, 2013 at 9:30 a.m., before Honorable Daniel R. Domínguez, District Court Judge.

San Juan, Puerto Rico, this 17th day of April of 2013.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE